IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL L. SILICATO, individually, and ) <br> KATHERINE L. SILICATO, individually, ) <br> ) <br> *Plaintiffs,* ) <br> vs. ) <br> ) <br> TIMOTHY RYAN RICHARDSON, ) <br> individually, and ) <br> CHARLES A KLEIN & SONS INC, ) <br> a Foreign Corporation, ) <br> ) <br> *Defendants.* ) | C.A. NO. |

## COMPLAINT

Plaintiffs, Russell L. Silicato and Katherine L. Silicato, through their counsel, David P. Cline, Esquire and Steven J. Stirparo, Esquire, say by way of Complaint that:

## JURISDICTION

### I. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

1. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

2. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## VENUE

3. Venue lies under 28 U.S.C. Section 1391.

## PARTIES

4. Plaintiff, Russell L. Silicato, is and was at all times pertinent hereto a resident of the state of Delaware, residing at 3080 Wrangle Hill Road, Bear, Delaware 19701.

5. Plaintiff, Katherine L. Silicato, is and was at all times pertinent hereto a resident of the state of Delaware, residing at 3080 Wrangle Hill Road, Bear, Delaware 19701, and is the wife of plaintiff, Russell L. Silicato.

6. Defendant, Timothy Ryan Richardson, an individual, upon information and belief, is believed at all times pertinent hereto, a resident of the state of Maryland, residing at 8226 Shira Drive, Berlin, Maryland 21811.

7. Defendant, Charles A Klein & Sons Inc., a Foreign Corporation, upon information and belief, is believed to be at all times pertinent hereto, a Foreign Corporation of the state of Maryland, with its principal place of business located at 5220 Klee Mill Road, Sykesville, Maryland 21784.

8. At all times pertinent hereto, defendant Timothy Ryan Richardson was acting within the course and scope of his employment with defendant Charles A Klein & Sons Inc. Therefore, defendant Charles A Klein & Sons Inc is responsible for the reckless, wanton and/or negligent actions and/or inactions of defendant Timothy Ryan Richardson as an agent, employee and/or servant under the doctrine of *Respondeat Superior* and the law of agency as the principal, employer or master.

## COUNT I

9. Plaintiffs hereby incorporate paragraphs 1 through 8 as if fully set forth herein.

10. On September 17, 2005, at approximately 11:50 a.m., plaintiff, Russell L. Silicato, was operating his motorcycle traveling in a southerly direction on Race Track Road, with his wife Katherine L. Silicato as his passenger.

11. At the same time and place, defendant, Timothy Ryan Richardson, was operating a vehicle owned by Charles A Klein & Sons Inc, traveling in a northerly direction on Race Track

Road and operated such vehicle in a negligent, careless and/or reckless manner, by failing to yield to oncoming traffic while attempting to make a left hand turn, causing his vehicle to violently collide into plaintiff, Russell L. Silicato's motorcycle.

12. This incident was the result of the negligence, carelessness, and /or recklessness of the defendant, Timothy Ryan Richardson, and was not caused in any manner whatsoever by the act or failure to act on the part of the plaintiffs.

13. The aforesaid collision and plaintiff Russell L. Silicato's resulting injuries and damages were proximately caused by the recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson in that he:

 a. failed to maintain a proper lookout while operating the vehicle he was driving;

 b. failed to give full time and attention to the operation of the vehicle he was driving;

 c. operated the vehicle he was driving in a careless and imprudent manner, without due regard for traffic conditions then existing;

 d. failed to exercise and maintain proper control over the vehicle he was driving;

 e. failed to give full time and attention to the operation of his motor vehicle; and

 f. violated the common-law duty of lookout.

14. As a direct and proximate result of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Russell L. Silicato suffered severe bodily injuries including, but not limited to, injuries to his neck, upper back, shoulders, ribs, right thumb, right hip, right foot and right arm. Some or all of his injuries have continued since the collision and are permanent in nature.

15. As a further consequence of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Russell L. Silicato has incurred, and will continue to incur in the future, medical and related expenses for his care and treatment.

16. As a further consequence of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Russell L. Silicato has incurred in the past and will incur in the future, pain, suffering, discomfort and mental anguish.

17. As a direct and proximate result of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Russell L. Silicato has sustained in the past and may sustain in the future a loss of earnings and/or earning capacity.

18. As a further direct and proximate result of the recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Katherine L. Silicato suffered the loss of consortium and companionship of her husband, Russell L. Silicato, as a result of his injuries.

## COUNT II

19. Plaintiffs hereby incorporate paragraphs 1 through 18 as if fully set forth herein.

20. As a direct and proximate result of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Katherine L. Silicato suffered severe bodily injuries including, but not limited to, injuries to her right knee. Some or all of her injuries have continued since the collision and are permanent in nature.

21. As a further consequence of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Katherine L. Silicato has incurred, and will continue to incur in the future, medical and related expenses for her care and treatment.

22. As a further consequence of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Katherine L. Silicato has incurred in the past and will incur in the future, pain, suffering, discomfort and mental anguish.

23. As a direct and proximate result of the aforementioned recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Katherine L. Silicato has sustained in the past and may sustain in the future a loss of earnings and/or earning capacity.

24. As a further direct and proximate result of the recklessness, wantonness and/or negligence of defendant Timothy Ryan Richardson, plaintiff Russell L. Silicato suffered the loss of consortium and companionship of his wife, Katherine L. Silicato, as a result of her injuries.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly and severally, for their special and general damages, including pain and suffering, punitive damages, attorney fees, pre and post judgment interest, the costs of this action and other such relief as the Court finds just.

DAVID P. CLINE, P.A.

BY: /s/ David P. Cline
David P. Cline, Esq. (#2681)
715 King Street, Suite 100
P.O. Box 33
Wilmington, DE 19899-0033
Attorney for Plaintiffs
(302) 529-7848

Dated: September 17, 2007

07-557

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Silicato, Russell & Katherine, husband + wife, and individually

**DEFENDANTS** Richardson, Timothy Ryan, Individually

**(b)** County of Residence of First Listed Plaintiff  **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Worcester**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  302-529-7848  715 King St, Ste. 101, Box 33, Wilm, DE 19899-0033

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 - Diversity

Brief description of cause: Personal Injury - Auto

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): None

JUDGE _____

DOCKET NUMBER _____

DATE 9/17/07

SIGNATURE OF ATTORNEY OF RECORD  X [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 57 _____

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___17 Sept 2007___    ___[signature]___
(Date forms issued)    (Signature of Party or their Representative)

___David P. Cline___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action